[No. 13970. In Bank. — July 17, 1891.]

E. SOMMER, RESPONDENT, *v.* J. H. SMITH, APPELLANT.

PRINCIPAL AND AGENT — ACTION FOR MONEY OVERPAID TO AGENT — PURCHASE OF STOCK — IMMATERIAL VARIANCE. — In an action by a principal against an agent to recover the difference between the price for which the agent reported he had purchased certain shares of stock, and which amount the principal had paid him, and a less price which the agent actually paid therefor, where the complaint alleges that the agent purchased the shares of stock, and the proof shows that he purchased certain agreements of a syndicate to furnish the shares, the variance is immaterial, and could not have misled the defendant, if he made as full a defense as though the complaint had accurately stated the facts.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Waters & Gird,* for Appellant.

*Willis, Cole & Craig,* for Respondent.

TEMPLE, C. — Appeal from a judgment and order denying defendant a new trial.

The question on this appeal is as to the materiality of a variance between the allegations of the complaint and the proof. It is averred that defendant, as plaintiff's agent, purchased certain shares of stock in the Semi-Tropic Land and Water Company of California. The proof is, that as such agent he purchased for plaintiff certain agreements of a syndicate to furnish the shares of stock.

This seems a plain case of an immaterial variance, under section 469 of the Code of Civil Procedure. In its general scope, the proof corresponds with the allegations of the complaint. It was a purchase of shares of stock, but not the immediate purchase of certificates of stock, as would be inferred from the complaint.

The object of the suit was to recover the difference between what the agent reported he had purchased the stock for, and which plaintiff had paid the agent, and the price which, as plaintiff afterward discovered, the agent had actually paid. An examination of the record shows quite conclusively that the defendant was not misled by the variance. A full defense was made, as though the complaint had accurately stated the facts.

We think the judgment and order should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.